UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTO McLAUGHLIN-HUDGSON,

v.  Case No. 8:05-cr-385-T-17TBM
  8:07-cv-1287-T-17TBM
UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Doc. cv-7; cr-159)   A review of the record demonstrates that, for the following reasons, the motion to vacate must be denied.

PROCEDURAL HISTORY

Beginning sometime in or around August 2005 or early September 2005, petitioner Justo McLaughlin-Hudgson and four others undertook an effort to transport approximately sixty bales containing a total of roughly one thousand and five hundred kilograms of cocaine across the Carribean utilizing a "go fast" vessel, with the intent of delivering that cocaine to others. See Pre-Sentence Report (PSR) at ¶¶ 12, 16; (Doc. cr-122 at 26).

McLaughlin-Hudgson and his crew were each to be paid between $15,000 and $20,000 [1] to assist in this cocaine smuggling venture. PSR at ¶ 12; (Doc. cr-127 at 7-8).

On September 3, 2005, however, McLaughlin-Hudgson and his crew were spotted in international waters by the United States Coast Guard. PSR at ¶ 9; (Doc. cr-122 at 26). Upon observing the Coast Guard, McLaughlin-Hudgson and his crew engaged in a series of evasive maneuvers in an effort to elude capture, and also discarded the cocaine bales overboard. PSR at ¶ 9; (Doc. cr-122 at 26). The Coast Guard repeatedly requested McLaughlin-Hudgson and his crew to stop, but was only able to get them to do so after employing disabling fire to incapacitate the vessel's engines. PSR at ¶¶ 9-10; (Doc. cr-122 at 26).

After noting that McLaughlin-Hudgson's vessel bore no indicia of statehood and that the "master" (or person in charge) of the vessel had failed to make a claim of nationality or registry for the vessel, the Coast Guard determined that McLaughlin-Hudgson's vessel was one without nationality and therefore subject to the jurisdiction of the United States. PSR at ¶ 9; (Doc. cr-122 at 27). The Coast Guard thereafter arrested McLaughlin-Hudgson and his four crew members, and transported them to the Middle District of Florida. PSR at ¶ 10; (Doc. cr-122 at 26).

On September 7, 2005, a federal grand jury in the Middle District of Florida returned a two count indictment charging McLaughlin-Hudgson and his four crew members with possession with the intent to distribute at least five kilograms of cocaine while onboard a vessel subject to the jurisdiction of the United States, and conspiracy to commit same. (Doc. cr-1). On December 14, 2005, McLaughlin-Hudgson pled guilty to both of these charges without a written plea agreement, (Doc cr-56, 70). At his subsequent sentencing

hearing held on March 30, 2006, this Court awarded McLaughlin-Hudgson a two-level reduction under the safety valve provision, denied him a minor role reduction, and sentenced him principally to an imprisonment term of one hundred and thirty-five months. (Doc cr-127 at 5-9; Doc cr-90, 94).

McLaughlin-Hudgson thereafter filed a direct appeal, arguing that his sentence was unreasonable and that this Court erred in denying him a minor role reduction. On January 18, 2007, the Eleventh Circuit affirmed McLaughlin-Hudgson sentence. *United States v. McLaughlin-Hudgson,* 219 Fed. Appx. 854 (11th Cir. 2007) (per curiam). Doc cr-155.

McLaughlin-Hudgson then timely filed his 2255 motion to vacate.

## Discussion

The gist of McLaughlin-Hudgson's section 2255 motion is that this Court lacked jurisdiction to hear his case because the government failed to demonstrate that he "or any of his co-defendants intended or conspired to distribute or effect distribution [of cocaine] in the United States." (Petitioner's Mem. at 19). McLaughlin-Hudgson also alleges that his trial counsel was constitutionally ineffective in failing to raise this challenge below. (Id. at 19-20). Neither of these claims has merit.

**BY PLEADING GUILTY, McLAUGHLIN-HUDGSON WAIVED HIS ARGUMENT THAT HIS VESSEL WAS NOT SUBJECT TO THE JURISDICTION OF THE UNITED STATES UNDER THE MARITIME DRUG LAW ENFORCEMENT ACT (MDLEA)**

It is well settled that a "voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *United States v. Patti*, 337 F.3d 1317, 1320 n. 4 (11th Cir. 2003). While McLaughlin-Hudgson couches his challenge as one directed at this Court's "subject matter jurisdiction," his claim is, in reality, nonjurisdictional in nature.

Under the MDLEA, the requirement that a vessel be "subject to the jurisdiction of the

United States" defines the United States' extraterritorial jurisdiction, not the federal courts' subject matter jurisdiction under 18 U.S.C. § 3231. Because the indictment in this case "charged . . . [the petitioner] with a violation of . . . [the] law[s] of the United States, 'the district court [had] jurisdiction over the case . . ." *United States v. Aguilar,* 196 Fed. Appx. 837, 839 (11th Cir. 2006) (per curiam) (quoting *McCoy v. United States*, 266 F.3d 1245, 1252 n.11 (11th Cir. 2001)).

As the Court held in *Aguilar* in this regard, an argument that a vessel is "not subject to the jurisdiction of the United States is not a challenge to the subject matter jurisdiction of the district court." *Aguilar,* 196 Fed. Appx. at 839. Accordingly, by pleading guilty unconditionally in this case, the defendant waived any claim that his "gofast" vessel did not meet the extraterritorial jurisdictional requirement imposed under the MDLEA. *Id.* (holding defendant's challenge to district court's finding that Coast Guard had complied with the MDLEA's requirement that the defendant's vessel be "subject to the jurisdiction of the United States" was not a challenge to the subject matter jurisdiction of the district court; therefore, defendant waived this argument when he pled guilty unconditionally).  See *United States v. De La Garza,* F.3d 1265 (11th Cir. 2008) (by pleading guilty, defendant waived his arguments that Congress had no authority to enact the marine Drug law enforcement Ace (MDLEA) and that the MDLEA violates an individuals's Fifth and sixth Amendment rights by allowing judicial determination of facts); but see *United States v. Rendon*, 354 F.3d 1320, 1325 (11th Cir. 2003); *United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002).

This argument is also supported by McLaughlin-Hudgson's plea colloquy. Before accepting his guilty plea, this Court specifically advised McLaughlin-Hudgson that the

4

indictment charged that "[a]ll of this activity is alleged to have occurred while you were on board a boat, a vessel, subject to the jurisdiction of the United States," and, that if his case went to trial, the government would "have to prove that the vessel was subject to the jurisdiction of the United States." (Doc. cr-122 at 14, 17). Later on in the plea hearing, the government recited the following facts in support of McLaughlin-Hudgson's guilty plea:

> Members of the Coast Guard thereafter determined that the go-fast vessel which the defendant and his co-defendants were utilizing bore no indicia of statehood, that the master or person in charge of the vessel upon request of an officer of the United States empowered to enforce applicable provisions of United States law failed to make a claim of nationality or registry for that vessel, and that the defendant's vessel was, therefore, one without nationality subject to the jurisdiction of the United States.

Doc cr-122 at 27. McLaughlin-Hudgson testified that he understood the charges against him, and that the above proffered facts were accurate. (Doc cr-122 at 16, 28).

In light of all of the above, McLaughlin-Hudgson, by pleading guilty unconditionally, waived any claim that his "go-fast" vessel was not subject to the jurisdiction of the United States.

**EVEN IF McLAUGHLIN-HUDGSON HAD NOT WAIVED HIS CLAIM UNDER THE MDLEA, THAT CHALLENGE IS WITHOUT MERIT**

McLaughlin-Hudgson's claim that the Court lacked jurisdiction to hear his case is meritless. As noted above, McLaughlin-Hudgson stipulated to facts at his plea colloquy establishing that his "go-fast" vessel was one without nationality and, therefore, subject to the jurisdiction of the United States. Under well established Eleventh Circuit precedent, there is no additional requirement under the MDLEA that the government establish a nexus between a defendant's criminal conduct and the United States. *United States v. Estupinan*, 453 F.3d 1336, 1338 (11th Cir. 2006) ("'[T]his circuit and other circuits have not

embellished the MDLEA with [the requirement of] a nexus [between a defendant's criminal conduct and the United States].'") (quoting *Rendon*, 354 F.3d at 1325), *cert. denied*, 127 U.S. 1486 (2007).

That is particularly true with respect to the MDLEA's application to stateless vessels. Such vessels are regarded as international "pariahs," *United States v. Marino-Garcia*, 679 F.2d 1373, 1382 (11th Cir. 1982), which are subject to the jurisdiction of all nations "solely as a consequence of [their statelessness]" and without regard to the existence of any "nexus between the stateless vessel and the country seeking to effectuate jurisdiction." *Id.* at 1383. Consistent with that understanding, the Eleventh Circuit and a number of other Courts of Appeals have held that the Constitution's Piracies and Felonies Clause authorizes Congress to punish drug trafficking aboard stateless vessels on the high seas without requiring a showing of a nexus between the offense and the United States. *Estupinan*, 453 F.3d at 1338 (citing with approval *United States v. Martinez-Hidalgo*, 993 F.2d 1052, 1056 (3d Cir. 1993) ("[i]nasmuch as the trafficking of narcotics is condemned universally by law-abiding nations, we see no reason to conclude that it is 'fundamentally unfair' for Congress to provide for punishment of persons apprehended with narcotics on the high seas."). Based on the above case authority, McLaughlin-Hudgson's claim that the Court lacked jurisdiction to hear his case because the government failed to demonstrate a sufficient nexus between his criminal conduct and the United States fails as a matter of law.

**BECAUSE McLAUGHLIN-HUDGSON'S JURISDICTIONAL ARGUMENT IS LEGALLY WITHOUT MERIT, HIS TRIAL COUNSEL DID NOT PERFORM IN A CONSTITUTIONALLY DEFICIENT MANNER IN FAILING TO RAISE IT**

McLaughlin-Hudgson's Sixth Amendment claim is without merit. To succeed on such

a challenge, McLaughlin-Hudgson bears the burden of showing that his counsel's performance fell below an objective standard of reasonable professional assistance, and that McLaughlin-Hudgson was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). As McLaughlin-Hudgson's jurisdictional argument under the MDLEA is legally without merit, his trial counsel did not perform in a constitutionally deficient manner in failing to raise it.

Accordingly, the Court orders:

That McLaughlin-Hudgson's 2255 motion to vacate (Doc. cv-7; cr-159) is denied. The Clerk is directed to enter judgment against McLaughlin-Hudgson in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in

these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 4, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  Christopher P. Tuite
Justo McLaughlin-Hudgson, pro se